IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| DWAYNE BACON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:20-00343 |
| ) | |
| C. MARUKA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is the issue as to whether Plaintiff has failed to prosecute this civil action. For the reasons explained below, the undersigned respectfully recommends that the District Court dismiss this action without prejudice.

**PROCEDURE AND FACTS**

On May 13, 2020, Plaintiff, acting *pro se* and incarcerated at FCI McDowell, filed what this Court construed as a Complaint claiming entitlement to relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[1] (Document No. 1.) As Defendants, Plaintiff appeared to name the following: (1) Warden Maruka; (2) Associate Warden Rich; (3) Associate Warden Carviar; (4) Unit Manager Pilant; (5) Mr. Shrader, Trust Fund; (6) Counselor Malone; (7) Correctional Officer Lawson; (8) Ms. Leslie, DHO; (9) Ms. Stark, S.I.S.; (10) Mr. Horton, S.I.S.; (11) Mr. Roach, Correctional Officer; (12) Mr. Estep, Correctional Officer; (13) Mr. Kendrick, Correctional Officer; and (14) Mr. Thomas, SHU Property Officer. (Id.) Following an initial screening of Plaintiff's case, the

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

undersigned entered an Order on May 19, 2020, directing Plaintiff to amend his Complaint to name individual defendants <u>and</u> state specific facts as to how each defendant violated his constitutional rights. (Document No. 3.) Next, the undersigned notified Plaintiff that the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996) ["PLRA"], requires that inmates exhaust available administrative remedies *prior* to filing civil actions. (<u>Id.</u>) Third, the Court notified Plaintiff that he must either pay the Court's filing fee ($350) and administrative fee ($50) totaling $400, or file an Application to Proceed Without Prepayment of Fees. (<u>Id.</u>) Finally, the undersigned notified Plaintiff that failure to comply with the above requirements by June 19, 2020, "will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia." (<u>Id.</u>)

On June 10, 2020, Plaintiff filed his letter-form Motion to Voluntarily Dismiss Action. (Document No. 4.) On July 20, 2020, however, Plaintiff filed his Application to Proceed Without Prepayment of Fees and Costs (Document No. 5) and his Amended Complaint (Document No. 6). By Order entered on July 21, 2020, the undersigned determined that Plaintiff's Application to Proceed Without Prepayment of Fees was deficient because the Certificate portion at the end of the Application was not completed by a prison official. (Document No. 7.) The undersigned therefore directed that the Application "be returned to Plaintiff, that Plaintiff submit a complete Application to Proceed Without Prepayment of Fees and Costs including all information contained in the Certificate portion of the Application, and return such to the Court on or before August 19, 2020." (<u>Id.</u>) On August 3, 2020, Plaintiff returned his completed Application to Proceed Without Prepayment of Fees. (Document No. 9.) On August 13, 2020, August 26, 2020, and August 31, 2020, Plaintiff filed Supplements to his Amended Complaint. (Document Nos. 10 – 12.)

By Order entered on September 21, 2020, the undersigned noted that even though Plaintiff

had been notified that the Amended Complaint (Document No. 6) would **supersede** the original Complaint (Document No. 1), and there must be **one integrated document** that will provide the defendants with notice of the claims and allegations against them, Plaintiff continued to file Supplements to his Amended Complaint (Document Nos. 10 – 12). (Document No. 13.) The undersigned, therefore, again notified Plaintiff that if he "wishes to proceed with his Bivens claim, he should again amend his Complaint to include **all claims**, name individual defendants, and state specific facts as to how each defendant violated his constitutional rights." (Id.) Second, the undersigned notified Plaintiff that the Amended Complaint would **supersede** Plaintiff's first Amended Complaint and Supplements (Document Nos. 6, 10, 11, 12), and there must be **one integrated document** that will provide the defendants with notice of the claims and allegations against them. (Id.) Finally, the undersigned notified Plaintiff that failure to comply with the above requirements by October 19, 2020, "will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia." (Id.) By letter dated September 20, 2020, Plaintiff filed Exhibits in support of his Amended Complaint. (Document Nos. 14 and 14-1.) Plaintiff further notified that Court that he had been released from custody. (Id.) The record reveals that a copy of the Court's Order dated September 21, 2020, was re-mailed to Plaintiff at his updated release. (Document No. 16.) Plaintiff, however, has failed to respond to the Court's Order that was entered more than two months ago.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the

inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[2] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:
> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for his lack of participation. Since September 27, 2020, Plaintiff has done absolutely nothing to demonstrate an interest in prosecuting this action. (Document No. 15.) Plaintiff failed to take action despite his apparent receipt of the Court's Order dated September 21, 2020. The Court notes that there is no indication that forces beyond Plaintiff's control are the cause of his neglect. Thus, the undersigned concludes that Plaintiff is solely responsible for his lack of participation in the instant action.

Consideration of the second factor reveals no prejudice to the Defendants. No defendant has been served with process in the above case. With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The record is void of any evidence that Plaintiff has been "deliberately" dilatory. Plaintiff, however, has completely failed to take any action in these proceedings for more than two months. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An

assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as a *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the Court's Order directing a response by Plaintiff.[3] In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice[4] unless Plaintiff is able to show good cause for his failure to prosecute. The undersigned further recommends that Plaintiff's letter-form Motion to Voluntarily Dismiss Action (Document No. 4) be denied as moot.[5]

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Amended Complaint (Document No. 6) without prejudice, **DENY as moot** Plaintiff's letter-form Motion to Voluntarily Dismiss Action (Document No. 4), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

---

[3] The undersigned notes that it is Plaintiff's obligation to notify the Court of any change of address or other contact information. L.R. Civ. P. 83.5("A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number.").

[4] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise." The undersigned recommends dismissal without prejudice because there is no evidence that Plaintiff acted "deliberately" in his failure to prosecute or that Plaintiff initiated this action in bad faith. *See Hanshaw*, 2014 WL 4063828, at * 5.

[5] Liberally construing subsequent filings by Plaintiff, it appears that Plaintiff no longer wished to voluntary dismiss the action.

Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: December 1, 2020.

Omar J. Aboulhosn
United States Magistrate Judge